[Crim. No. 14027. First Dist., Div. Three. Sept. 30, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT SPENCER et al., Defendants and Respondents.

564

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Peter R. Silten, Deputy Attorneys General, for Plaintiff and Appellant.

Leo M. Cook and Robin H. Fairbairn for Defendants and Respondents.

## OPINION

SCOTT, J.— ■    On this appeal from the granting in part of a motion pursuant to section 995 of the Penal Code,[1] the People contend that the trial court erred in holding that a bison is not a bovine animal within the meaning of subdivision 3 of section 487 of the Penal Code.

---

[1]We note that in entering pleas of not guilty and then moving under section 995, defendants failed to proceed in the most expeditious and appropriate manner, which would have been to demur under subdivision 4 of section 1004 of the Penal Code, alleging that the facts stated in the accusatory pleading did not constitute a public offense. (E.g., *Mandel* v. *Municipal Court* (1969) 276 Cal.App.2d 649 [81 Cal.Rptr. 173].) However, failure to demur does not waive this objection (*People* v. *Bliss* (1920) 47 Cal.App. 503 [190 P. 1046]), and since if the facts stated do not constitute a public offense the indictment is void (*Cleland* v. *Superior Court* (1942) 52 Cal.App.2d 530, 532 [126 P.2d 622]), a 995 motion on the theory that defendants were indicted without reasonable or probable cause seems permissible.

We further note that the trial court's findings clearly would have supported an indictment or information under subdivision 1 of section 487, and that the court could have, but failed to, direct that the case be resubmitted to the grand jury or that an information be filed. (Pen. Code, § 997.) Regardless of said failure, be it intentional or

Section 487 provides in relevant part: "Grand theft is theft committed in any of the following cases: . . . 3. When the property taken is . . . any bovine animal . . . ." Provisions of the Penal Code are "to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (Pen. Code, § 4.) Statutory language is reasonably certain if it can be understood with the aid of reference to the dictionary. (*People* v. *Medina* (1972) 27 Cal.App.3d 473, 479 [103 Cal.Rptr. 721].)

The animals in question were bison or buffalo. The term "buffalo" includes "any of several wild oxen: as . . . a member of the genus *Bison:* *esp:* a large shaggy-maned No. American wild ox . . . called also bison." (Webster's Third New Internat. Dict. (unabridged 1965) p. 290.) "Bison" is defined as "any of several large shaggy-maned usu. gregarious recent or extinct *bovine* mammals constituting the genus Bison . . ." (*Id.* at p. 222, italics added.) "Bovine" means "relating to, or resembling the ox or cow." (*Id.* at p. 261.)

Thus, a buffalo or bison not only resembles an ox, it is itself a kind of ox; and "bison" is defined as a "bovine mammal." Unquestionably, simple reference to the dictionary reveals that buffalo or bison are bovine animals.

The trial court found, based upon ample substantial evidence, that the bison in question were the personal property of two named individuals. There was also ample substantial evidence of the requisite mens rea, in the form of defendants' behavior after the killing of the animals. The trial court erred in granting defendants' motion as to counts I, II, and III.

The portion of the order which set aside the indictment as to counts I, II, and III is reversed; the order is otherwise affirmed.

Draper, P. J., and Brown (H.C.), J., concurred.

---

inadvertent, the district attorney could have sought a new indictment or filed an information alleging violation of subdivision 1 of section 487. (E.g., *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 666 [108 Cal.Rptr. 657, 511 P.2d 609].) In light of defense counsel's concession below that he would not have a case under subdivision 1, it appears that this appeal was taken for the purpose of having this court render an advisory opinion. (See 2 Witkin, Cal. Procedure (2d ed.) Actions, § 39.) Nevertheless, we reach the merits.